IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| STEPHEN CRAIG BURNETT, | ) |
| :--- | :--- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-1140-M |
| JOE ALLBAUGH, Director, Oklahoma Department of Corrections, | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights.[1] The matter has been referred by United States District Judge Vicki Miles-LaGrange for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, the Court finds Plaintiff's Amended Complaint [Doc. No. 20] should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and/or for failure to state a claim upon which relief may be granted.

**I.   Procedural History**

Plaintiff filed a Complaint [Doc. No. 1] on September 30, 2016. He named a single defendant in the action, the Oklahoma Department of Corrections (ODOC) and expressly sought only prospective injunctive relief. Upon initial review of the Complaint, the undersigned recommended dismissal on grounds of Eleventh Amendment immunity. *See* R&R [Doc. No. 16]. The District Judge adopted the recommendation and dismissed the Complaint without prejudice.

---

[1] Plaintiff also purports to invoke jurisdiction pursuant to 42 U.S.C. § 1343(a)(3). *See* Am. Compl. at p. 1. It appears this is a typographical error and the statutory provision he intends to invoke is 28 U.S.C. § 1343(a)(3), the jurisdictional counterpart to § 1983. *See, e.g., Elliott v. Chrysler Fin.*, 149 F. App'x 766, 768 (10th Cir. 2005).

*See* Order [Doc. No. 25]. In the interim, however, Plaintiff filed an Amended Complaint and the District Judge has re-referred the matter for consideration of the Amended Complaint. *Id.*

## II. Plaintiff's Claims

The Amended Complaint is verbatim identical to the Complaint except that Plaintiff now names as defendant, Joe Allbaugh, Director of the ODOC.[2] As more fully set forth in the prior Report and Recommendation, Plaintiff brings the following four claims for relief premised on alleged inadequacies of the ODOC Grievance Policy, OP-090124 (Grievance Policy):

(1) the Grievance Policy impedes or denies access to the courts in violation of the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution;

(2) the Grievance Policy does not provide an available remedy;

(3) the Grievance Policy violates Okla. Stat. tit. 57, § 566.3(G) because it is not "fair and adequate;" and

(4) the Grievance Policy does not have any provision to accommodate prisoners when they face lockdown conditions.

Plaintiff expressly seeks only "prospective relief" in the form of a "declaratory judgment" that the Grievance Policy does not offer any available administrative remedy for purposes of the PLRA's exhaustion requirement.[3] Plaintiff also seeks an injunction to require the ODOC to modify its Grievance Policy or discontinue it.

---

[2] Pursuant to the *Ex parte Young* exception to sovereign immunity, "a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and plaintiff seeks prospective relief only." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (*citing Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002); *Ex parte Young*, 209 U.S. 123 (1908)).

[3] As set forth in the prior Report and Recommendation, "Plaintiff is a versed litigant, having brought several actions in this judicial district challenging the conditions of his confinement. . . ." *Id.* at p. 1. Plaintiff is very familiar with the requirements of the Prison Litigation Reform Act

As stated above, the undersigned previously recommended dismissal of the Complaint on grounds of Eleventh Amendment immunity but further noted that "Plaintiff's claims otherwise are frivolous." *See* R&R [Doc. No. 16] at p. 5. n. 3. Because Plaintiff brings the identical claims in the Amended Complaint, it should be dismissed as frivolous and/or for failure to state a claim upon which relief may be granted.

### III.     Standard for Dismissal

Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the court shall dismiss the case at any time if the court determines" the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." *Id*., § 1915(e)(2)(B)(i)-(ii). ). A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court's review of a complaint under § 1915(e)(2)(B) mirrors that required by Fed. R. Civ. P. 12(b)(6). The court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

(PLRA) and the need to exhaust administrative remedies prior to bringing an action challenging the conditions of confinement. *See* 42 U.S.C. § 1997e(a). The Amended Complaint includes reference to multiple lawsuits, filed by Plaintiff or other prisoners, which have been dismissed (at least in part and according to Plaintiff) due to a prisoner's failure to satisfy the exhaustion requirement. *See* Am. Compl. at pp. 18-20.

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## IV. Analysis

### A. Plaintiff Cannot Satisfy the Actual Injury Requirement to Support a Denial of Access to Courts Claim

A prisoner's right of access to the courts, i.e., "a right to bring to court a grievance that the inmate wishe[es] to present" is well-established. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). And, as the Tenth Circuit has recognized, conduct that unduly hinders litigation at any stage of the proceedings is actionable. *Vreeland, II, v. Schwartz*, 613 F. App'x 679, 683 (10th Cir. 2015) (*citing Cohen v. Longshore*, 621 F.3d 1311, 1317 (10th Cir. 2010)). But a necessary prerequisite to such a claim is the prisoner must show an actual injury. *Lewis*, 518 U.S. at 349. The actual injury requirement "derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches. *Id*. And, as an additional constraint, the prisoner must demonstrate that he was hindered in bringing a non-frivolous legal claim. *Id*. at 353. "Moreover, because [Plaintiff] . . . is seeking *prospective* injunctive relief, he must allege that there is an *ongoing* violation of his rights." *Merryfield v. Jordan*, 431 F. App'x 743, 746-47 (10th Cir. 2011) (*citing Verizon*, 535 U.S. at 645 (additional citations omitted)).

Here, Plaintiff fails to allege the requisite actual injury necessary to support his claim. He points to the fact that he has had prior claims and/or entire actions dismissed based on judicial determinations that Plaintiff failed to exhaust administrative remedies under the Grievance Policy. Notwithstanding Plaintiff's contention that he does not seek to relitigate issues decided in his prior actions, *see* Am. Compl. at p. 18, that is precisely what Plaintiff attempts to do. Plaintiff necessarily relies on past conduct, not ongoing violations of his federal rights, to establish injury. Therefore, he has not alleged entitlement to prospective relief, a necessary prerequisite to bringing any official capacity claim against an individual employee of the ODOC.

Moreover, in each of the prior actions brought by Plaintiff, he could have raised the very issue he now litigates. The PLRA's exhaustion requirement is tempered by the constraint that a prisoner is only required to exhaust *available* administrative remedies. The Supreme Court has underscored the importance of this requirement. Indeed, as Plaintiff points out, the Court most recently reiterated that "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *See Ross v. Blake*, -- U.S. --, 136 S.Ct. 1850, 1859 (2016). Thus, if administrative remedies are not available, a prisoner is relieved from the exhaustion requirement. *See id*. Plaintiff could have (and perhaps, did) argue in his prior cases that no administrative remedy was available to him. Plaintiff alleges no facts to demonstrate he was hindered in his ability to challenging the adequacy of the Grievance Policy in his prior actions. Plaintiff's attempt to establish actual injury based on his prior litigation is unavailing.[4]

---

[4] Similarly unavailing is Plaintiff's reliance on prior dismissals of cases filed by other Oklahoma prisoners. It is fundamental that a § 1983 claim must be premised on an injury specific to the plaintiff. *Swoboda v. Dubach*, 992 F.2d 286, 289 (10th Cir. 1993).

### B. Plaintiff Has No Constitutional Right to an Adequate Grievance Policy

Plaintiff's second claim for relief challenges the adequacy of the Grievance Policy. This claim for relief should be dismissed as frivolous. It is well-established that a prisoner has no constitutional right to a state grievance procedure. *See, e.g., Brewer v. Gilroy*, 625 F. App'x 827, 838 (10th Cir. 2015) ("Mr. Brewer has no independent due process rights that arise out of OSP or ODOC employees' disposition of internal grievances."); *Soboroff v. Doe*, 569 F. App'x 606, 610 (10th Cir. 2014) ("[T]he BOP grievance process is not a constitutional right.") (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523 (10th Cir. 2013) (rejecting prisoner's claim that director of Colorado's Department of Corrections violated his due process rights by providing an inadequate prisoner grievance reporting system on grounds there is "'no independent right to state administrative grievance procedures'" nor does a grievance process "'create a liberty interest in that process'") (*quoting Boyd v. Werholz*, 443 F. App'x 331, 332 (10th Cir. 2011)); *Ciempa v. Ward*, 150 F. App'x 905, 907, 909 (10th Cir. 2005) (finding "no error" with respect to district court's dismissal of prisoner's claim that his due process rights were violated "because defendants failed to provide an effective prison grievance procedure"); *see also Silva v. Schettler*, No. CV-08-5041-EFS, 2009 WL 3462654 at *2 n. 2 (E.D. Wash. Oct. 20, 2009) (unpublished op.) ("Plaintiff's unconstitutionality argument, which is nothing more than an objection to WSP's grievance protocol, is easily dispatched because inmates do not have a constitutional right to specific grievance procedures."") (*citing Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)).

The Tenth Circuit addressed a similar claim in *Merryfield, supra*. In that case, a Kansas prisoner claimed that the applicable grievance system was constitutionally inadequate and violated his First Amendment rights. *Id*. 431 F. App'x at 749. As in this case, the prisoner sought

prospective injunctive relief. The Tenth Circuit further characterized the prisoner's claims as follows:

> Mr. Merryfield's complaint cites to a number of federal cases that concern the general proposition that exhaustion of administrative remedies prior to filing a federal lawsuit is not required where the administrative remedies are futile or fail to provide adequate relief. He then asserts that he has extrapolated from those cases a number of characteristics that a grievance system is required to have and then proceeds to examine those characteristics and assert that LSH's grievance system does not have them. But there is no explanation as to how these cases amount to a constitutional right to have certain grievance procedures implemented.

*Id*.

The Tenth Circuit found "correct" the district court's dismissal of this claim on grounds that the prisoner's "allegations do not state a deprivation of federal law, as there is no federal constitutional right to an institutional grievance procedure." *Id*. at 750. Like the challenge at issue in *Merryfield*, Plaintiff's constitutional challenge to the Grievance Policy lacks merit.[5]

### C. Oklahoma Statutory Law Does Not Give Rise to any Violation of Plaintiff's Federal Constitutional Rights

As his third claim for relief, Plaintiff alleges that Okla. Stat. tit. 57, § 566.3(G) mandates that any grievance procedure implemented by the director of the ODOC must be "fair and adequate" and must "provide and identify available administrative remedies." Am. Compl. at p. 15. The statutory provision at issue provides:

> The Department of Corrections and each sheriff is hereby authorized to adopt a grievance procedure at its institutions for receiving and disposing of any and all grievances by prisoners against the Department of Corrections or any entity contracting with the Department of Corrections to provide correctional services, or any officials or employees of either the Department or correctional services contractor or a sheriff, deputies of the sheriff or employees of the county, which arise while a prisoner is within the custody or under the supervision of the Department or sheriff. The grievances may include, but are not limited to, any and all claims seeking monetary damages or any other form of relief otherwise

---

[5] To the extent Plaintiff's first claim for relief similarly challenges the Grievance Policy as unconstitutional, it fails for the same reasons.

> authorized by law. All such grievance procedures, including the prisoner disciplinary process, shall be deemed to be the exclusive internal administrative remedy for complaints and grievances.

Okla. Stat. Ann. tit. 57, § 566.3(G)(1). As previously set forth, "there is no independent constitutional right to state administrative grievance procedures. *Boyd*, 443 F. App'x at 332. "Nor does the state's voluntary provision of administrative grievance process create a liberty interest in that process." *Id*. (citations omitted). As at least one court has held, rejecting a similar claim, § 566.3(G)(1) "does not create a personal right to a 'fair and adequate' prison-grievance process or authorize private civil actions for its violations." *Savage v. Troutt*, No. CIV-15-0670-HE, 2016 WL 5107068 at *2 (W.D. Okla. Sept. 20, 2016) (unpublished op.); *cf Reed v. Bryant*, No. CIV-16-461-C, 2017 WL 1174023 at *5 (W.D. Okla. Feb. 6, 2017) (R&R, Purcell, M.J.) (finding that allegations that state actors violated state agency regulations including Okla. Stat. tit. 57, § 566.3(G) were not cognizable under § 1983); *see also id.*, 2017 WL 1169714 (W.D. Okla. March 28, 2017) (Order Adopting R&R, Cauthron, D.J.).

Moreover, to exhaust administrative remedies, all Plaintiff has to do is "request such review and 'see the process to its conclusion.'" *Harrison v. Morton*, 490 F. App'x 988, 994 (10th Cir. 2012) (*citing Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)). As explained above, Plaintiff's ability to challenge the adequacy of administrative remedies remains available to him through any lawsuit challenging a particular prison condition. *See id*. (upholding dismissal of prisoner's claim that administrative review authority's "refusal to review his appeal prevented him from exhausting administrative remedies and precluded him from pursuing his claims in court").

For all these reasons, 57 Okla. Stat. § 566.3(G) does not support a claim for any violation of Plaintiff's federal constitutional rights.[6]

### D. Plaintiff's Challenge to Lockdowns Fails to State a Plausible Claim for § 1983 Relief

As his final claim for relief, Plaintiff alleges that "lockdowns virtually stop the grievance process, rendering administrative remedies unavailable." *See* Am. Compl. at p. 16. Plaintiff fails to demonstrate he has been injured by the alleged lockdowns. He states in general and conclusory terms that it is not possible to meet grievance procedure deadlines due to lockdowns, but he does not provide any specific instances where he has been denied access to the grievance system based on any lockdown. Nor does he allege any specific instance where he has been denied access to the courts as a result of any lockdown.[7] Under these circumstances, Plaintiff cannot establish ongoing violations of his federal constitutional rights.

Moreover, although Plaintiff purports to claim the lockdown conditions are "statewide," Plaintiff acknowledges that for the last two years he has been incarcerated at James Crabtree Correctional Center (JCCC). *See id.* Subsequent to the filing of his Amended Complaint, Plaintiff has been transferred from JCCC to Davis Correctional Facility. *See* Notice of Change of Address [Doc. No. 24]. Although Plaintiff alleges lockdowns occurred at JCCC, he alleges no facts to demonstrate he faces lockdown conditions at his present place of confinement. His transfer, therefore, appears to render moot this claim for relief and serves as further grounds for dismissal.

---

[6] To the extent Plaintiff brings a claim premised solely on state law, it is recommended that the Court decline to exercise supplemental jurisdiction over any such claim pursuant to 28 U.S.C. § 1367(a), (c)(3).

[7] Plaintiff identifies two other federal cases currently pending, *see* Am. Compl. at p. 4, but Plaintiff does not allege he has been hindered in pursuing relief in these cases due to any prison lockdowns.

9

*See generally Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997); *see also Jordan v. Sosa*, 654 F.3d 1012, 1027-28 (10th Cir. 2011).

## V. Other Relief Requested by Plaintiff

Plaintiff requests a "court records search" and/or the appointment of counsel. *See* Am. Compl. at p. 17. He also asks the Court to broaden the scope of the court-ordered Special Report, *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). *See id.* Based on the recommendation that Plaintiff's Amended Complaint be dismissed, it is recommended that the additional relief requested by Plaintiff be denied.

In a separately filed Motion [Doc. No. 7], Plaintiff moves to strike attachment 1-1 to the Complaint. The latter motion has been rendered moot by the filing of the Amended Complaint. Therefore, it is further recommended that Plaintiff's Motion to Strike [Doc. No. 7] be denied as moot.

Finally, Plaintiff has filed a Motion to Issue and Serve Summons [Doc. No. 17]. Because it is recommended that Plaintiff's Amended Complaint be dismissed, it is further recommended that this motion be denied as moot.

## RECOMMENDATION

For the reasons stated, it is recommended that Plaintiff's Amended Complaint [Doc. No. 20] be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and/or for failure to state a claim upon which relief may be granted. It is further recommended that the dismissal count as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1176 (10th Cir. 2011). Additionally it is recommended that the other relief requested by Plaintiff in the Amended Complaint, including a court records search, the appointment of counsel and implementation of special procedures regarding the issuance of a

special report, be denied. Finally, it is recommended that Plaintiff's Motion to Strike [Doc. No. 7] and Motion to Issue and Serve Summons [Doc. No. 17] be denied as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by May 2, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 11th day of April, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE