# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| STEPHEN CRAIG BURNETT, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-16-1140-M |
| JOE ALLBAUGH, Director, Oklahoma Department of Corrections, | ) |
| Defendant. | ) |

## ORDER

On April 11, 2017, United States Magistrate Judge Bernard M. Jones issued a Report and Recommendation in this action brought pursuant to 42 U.S.C. § 1983, alleging violations of plaintiff's federal constitutional rights. The Magistrate Judge recommended this action be dismissed as frivolous and/or for failure to state a claim upon which relief may be granted.[1] The Magistrate Judge also recommended that plaintiff's request for a court records search and appointment of counsel be denied[2] and that plaintiff's Motion to Strike [docket no. 7] and Motion to Issue and Serve Summons [docket no. 17] be denied as moot, in light of the Magistrate Judge's recommendation that this action be dismissed. Plaintiff was advised of his right to object to the Report and Recommendation by May 2, 2017. On April 24, 2017, plaintiff filed his objection.

The Magistrate Judge recommended this matter be dismissed as plaintiff failed to show an actual injury to pursue his claims. Plaintiff contends that his actual injury is his prior civil rights complaints and the forms he submitted with his Amended Complaint regarding the grievance

---

[1] The Magistrate Judge further recommended that this dismissal count as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g).

[2] Plaintiff made these requests in his Amended Complaint.

process requiring him to exhaust his administrative remedies prior to filing a lawsuit. Having reviewed plaintiff's objection, and his Amended Complaint, the Court finds that plaintiff has not alleged any actual injury, but only that the "grievance policy OP-090124 is overly complex, confusing, contradictory and labyrinthine such that the ordinary prisoner cannot effectively utilize it." Plf. Obj. at 4. While plaintiff takes issue with the grievance process, the Court finds plaintiff does not allege that exhaustion would be futile as there are no administrative remedies available. *See Ross v. Blake*, 136 S.Ct. 1850, 1858 (2006) ("Under § 1997e(a) [of the Prison Litigation Reform Act], the exhaustion requirement hinges on the availability of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."). As such, the Court finds that plaintiff's allegations in his Amended Complaint are mere "naked assertions devoid of further factual enhancement," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and therefore, should be dismissed.

Accordingly, upon de novo review, the Court:

(1) ADOPTS the Report and Recommendation [docket no. 26] issued by the Magistrate Judge on April 11, 2017;

(3) DISMISSES Plaintiff's Amended Complaint [docket no. 20]; and COUNTS this dismissal as a "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g); and

(2) DENIES plaintiff's request for court records search and appointment of counsel and, further, DENIES plaintiff's Motion to Strike [docket no. 7] and Motion to Issue and Serve Summons [docket no. 17] as MOOT.

**IT IS SO ORDERED this 22nd day of May, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE